**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Board of Regents, ) | CV 03-1196-PHX-PGR |
| ) | |
| Plaintiff, ) | |
| vs. ) | <u>ORDER</u> |
| ) | |
| ) | |
| Dillard's Inc., et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

    On January 30, 2006, the Court held a Status Conference in this case to specifically address Plaintiff Arizona State University's ("ASU") Motion to Reinstate the Motions for Summary Judgment filed by ASU and Dillard's Inc. ("Dillard's"); and To Consider the Unpublished Memorandum Decision of the Arizona Court of Appeals as it Pertains to Issues of Collateral Estoppel Raised in the Parties' Motions for Summary Judgment (Doc. 36). After hearing oral argument from both sides, the Court continued the Status Conference until April 3, 2006 and urged the parties to settle the matter.

    On March 16, 2006, Defendant Dillard's filed a brief regarding the current status of the case. First, Dillard's informed the Court that the parties were unable to resolve the case. Second, Dillard's explained that the Arizona Supreme Court denied Dillard's Petition to Review the state court decision on February 8, 2006. On February 16, 2006, Dillard's sought a stay of the mandate under Rule 24(b)(3) of the Arizona Rules of Civil Appellate Procedure so that it could file a Petition for Writ of Certiorari with the United States Supreme Court.

The Arizona Court of Appeals granted the stay application on March 8, 2006. In addition, Dillard's pointed out that the Ninth Circuit Court of Appeals has affirmed the bankruptcy decision granting summary judgment in favor of Dillard's concluding that Dillard's had a lawful right to recoupment and was entitled to the funds that are partially at issue in the present action.

Dillard's asserts that this Court, sitting as a District Court within the Ninth Circuit, is and must be bound by the decisions of the Ninth Circuit even if it is in disagreement with the outcome. E.g., Hart v. Masanari, 266 F.3d 1155 (9th Cir. 2001). The Ninth Circuit has concluded that Dillard's had a lawful right to the recoupment against ETM/DTS, and that the creditors of the estate could not recover for funds that Dillard's lawfully recouped. Dillard's argues that this Court cannot disregard the Ninth Circuit's conclusions in favor of an inappropriately decided and contrary state court opinion which, in the first place, declined and refused to consider the implications of the Bankruptcy Court's decision on its merits.

Dillard's asks that the Court stay this matter pending the result of new litigation filed by Dillard's in the Bankruptcy Court for the Central District of California against Plaintiffs from the state court litigation – the Arizona Diamondbacks and the Phoenix Suns. Through this newly filed complaint, Dillard's is seeking injunctive relief and a declaratory judgment against the state court Plaintiffs enjoining their efforts to enforce the judgment from the state court action on the grounds that the state court proceedings ignored the binding effect of the Bankruptcy Court decision against those who were in privity with the Trustee. Dillard's asks that this Court stay this action pending the outcome of the new litigation if the Court decides not to grant summary judgment in favor of Dillard's based on the Ninth Circuit's recent decision.

On March 27, 2006, this Court entered an Order granting ASU's Motion to Reinstate the parties' cross-motions for summary judgment. This Order required the parties to submit updated briefs to the Court no later than April 24, 2006. On the same day the Order was entered, ASU submitted a reply to Dillard's brief regarding the status of the case. Primarily,

1  ASU takes the position that the California Bankruptcy Court decision and its affirmation by
2  the Ninth Circuit can have no preclusive effect on ASU or this litigation.  ASU maintains that
3  the litigation initiated in the Arizona Courts, including this case, addresses property interests
4  that should have been, but were not, brought in the bankruptcy forum.   For example, ASU
5  argues that the bankruptcy case did not bring in ASU, the Arizona Diamondbacks or any of
6  the other parties who actually owned the funds that Dillard's recouped.  As such, ASU insists
7  that Dillard's is improperly attempting to impose the Bankruptcy Court's ruling upon ASU,
8  but is barred from doing so by law.

9  After holding a Status Conference in this case on April 3, 2006 at 1:30 p.m., the Court
10 concludes that a stay shall be entered in this litigation in order for this Court to assess what
11 actions will be taken by the Bankruptcy Court in the Central District of California and
12 whether the United States Supreme Court will grant certiorari regarding the state court
13 matter.  It is further ordered that a Status Conference is set for Monday, July 24, 2006 at 1:30
14 p.m. at which time to the Court will revisit whether the stay should be lifted and if further
15 briefing is still needed.

16 DATED this 14th day of April, 2006.

*(signature)*
Paul G. Rosenblatt
United States District Judge